UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| CHARLES METCALF, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 4:16-CV-86-HSM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Federal inmate Charles Metcalf, Jr., has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a response in opposition to the motion. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing[1], and Metcalf's § 2255 motion will be denied.

**I. BACKGROUND FACTS AND PROCEDURAL HISTORY**

Metcalf pleaded guilty to conspiring to manufacture and distribute at least 50 grams of methamphetamine and at least 500 grams of a methamphetamine mixture, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Doc. 386 in No. 4:11-CR-12]. The charge to which Metcalf pleaded guilty carried a statutory mandatory minimum sentence of 10 years' imprisonment, up to the statutory maximum of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). On November 22,

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

2011, the Court sentenced Metcalf to 120 months' imprisonment, the lowest sentence authorized by statute [Doc. 386 in No. 4:11-CR-12]. Metcalf did not appeal. Nearly five years later, on or about August 4, 2016, Metcalf filed the instant motion pursuant to 28 U.S.C. § 2255 [Doc. 1], seeking relief in light of (1) Amendment 794, which clarified the circumstances under which courts may grant a minor-role reduction under United States Sentencing Guideline ("Guideline(s)") § 3B1.2; and (2) *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson,* 135 S. Ct. at 2563. This Court ordered the United States to respond to Metcalf's motion, and the United States filed its response on October 11, 2016 [Doc. 5].

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III. DISCUSSION

### A. Timeliness

A one-year statute of limitations applies to § 2255 motions and typically runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Because Metcalf did not file an appeal, his conviction became final on December 6, 2011, the expiration of

the time to appeal (November 22, 2011 plus 14 days). *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (holding where no appeal is filed, a judgment of conviction becomes "final" when the period for filing a direct appeal has elapsed); *see also* Fed. R. App. P. 4(b) (allowing party fourteen days to file appeal in criminal case). Metcalf, however, did not file his § 2255 motion until on or about August 4, 2016 [Doc. 1 p. 14]. Therefore, Metcalf's motion is untimely under § 2255(f)(1).

Metcalf cites the *Johnson* decision to invoke the § 2255(f)(3) "running date" for the one-year limitations period. This alternate limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). However, *Johnson* was decided on June 26, 2015. *Johnson*, 135 S. Ct. 2551. Metcalf did not file his motion within one year of the *Johnson* decision. Accordingly, even under § 2255(f)(3), Metcalf's motion is untimely.

The Court notes that the § 2255 limitations period may be tolled under extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Equitable tolling typically only applies "when a litigant's failure to meet a legally-mandated deadline unavoidably rose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). It is the petitioner's burden to prove equitable tolling's application to his case. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). To satisfy his burden, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Metcalf has not attempted to make any such showing in this case, and he is not entitled to equitable tolling. Accordingly, the instant motion is untimely.

3

### B. Merits

Alternatively, the Court finds that Metcalf's claims are without merit. First, Metcalf contends that *Johnson* provides a basis to reduce his sentence, as his sentence was "enhanced" by an "arbitrary" drug weight [Doc. 1 p. 5]. However, Metcalf's sentence was the lowest possible sentence to the offense to which he pleaded guilty. *See* 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) (establishing 10-year mandatory minimum). Moreover, *Johnson* held only that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. *Johnson,* 135 S. Ct. at 2563. Metcalf was not sentenced as an armed career criminal. Therefore, *Johnson* has no application to the statute to which Metcalf admitted violating.

Next, Metcalf seeks a sentence reduction in light of Guideline Amendment 794, which went into effect on November 1, 2015, and which clarifies under what circumstances a defendant may be eligible for a minor-role reduction under Guideline § 3B1.2. Guidelines app. C, amend. 794 (2015). It provides that, when deciding whether to grant a reduction for a minor role, courts should consider whether a defendant is "substantially less culpable than the average participant in the criminal activity." *Id*. Metcalf insists that he is entitled to a role reduction because he was allegedly "more a victim of the drug trade than a beneficiary" [Doc. 1 p. 5].

Subsequent changes to the Guidelines can only be considered in a motion under 18 U.S.C. § 3582(c)(2), not under 28 U.S.C. § 2255. *See United States v. Carter*, 500 F.3d 486, 490-91 (6th Cir. 2007) (holding challenges to the propriety of an original sentence are cognizable only under § 2255, while claims for a lesser sentence based on later changes to the Guidelines must be filed under § 3582(c)). However, even if Metcalf's claim were construed under § 3582(c)(2), he would remain ineligible for relief, because the Sentencing Commission has not designated Amendment 794 as a retroactive amendment. *See* Guideline § 1B1.10(d); *United States v. Dullen*, 15 F.3d 68, 70 (6th Cir. 1994) (finding for sentence reduction to occur because of Guidelines amendment, the

4

amendment must be listed in § 1B1.10 as retroactive). Additionally, Metcalf cannot show that his sentence was based on any particular Guidelines range, as his 120-month sentence was the statutory minimum.

## IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Metcalf must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V. CONCLUSION

For the reasons stated herein, Metcalf has failed to establish any basis upon which § 2255 relief could be granted, and his motion will be **DENIED**. A COA from the denial of his § 2255 motion will be **DENIED**.

**An appropriate Judgment will enter.**

>     */s/ Harry S. Mattice, Jr.*
> HARRY S. MATTICE, JR.
> UNITED STATES DISTRICT JUDGE